**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PETER SAVAGE; CLIFF PUCKETT; V. MICHAEL WALLACE; GABRIEL TRIPLETT, | No. 12-35727 |
| Plaintiffs - Appellants, | D.C. No. 3:12-CV-01317-HZ |
| v. | MEMORANDUM[*] |
| DOUG TWEEDY; NORTHWEST PACIFIC REGIONAL COUNCIL OF CARPENTERS; UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted April 8, 2013
Seattle, Washington

Before: D.W. NELSON, TASHIMA, and CALLAHAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiffs Peter Savage, Cliff Puckett, Michael Wallace, and Gabriel Triplett appeal the district court's denial of their motion for a preliminary injunction in their suit under the Labor-Management Reporting and Disclosure Act ("LMRDA"). We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review for an abuse of discretion the district court's denial of a preliminary injunction. *Melendres v. Arpaio*, 695 F.3d 990, 999 (9th Cir. 2012). The district court's interpretation of the law, however, is subject to de novo review, and a district court abuses its discretion when it makes an error of law. *Bay Area Addiction Research & Treatment, Inc. v. City of Antioch*, 179 F.3d 725, 730 (9th Cir. 1999). Because we conclude that the district court made two legal errors, we reverse.

**1.** The district court abused its discretion when it concluded that Appellants did not demonstrate a likelihood of success on the merits because they "fail[ed] to establish that the charges brought against them were based on their 'free speech.'" Section 101(a)(2) of the LMRDA protects, *inter alia*, the rights "to meet and assemble freely" and "to express any views, arguments, or opinions." 29 U.S.C. § 411(a)(2). The union rules Appellants were charged with violating clearly "partially interfere[d]" with these interests because they purported to regulate the time, place, and manner in which candidates for union office could engage in

protected campaign activity. *United Steelworkers of Am., AFL-CIO-CLC v. Sadlowski*, 457 U.S. 102, 112 (1982).

There is no doubt that the United Brotherhood of Carpenters ("UBC") or the Local could "adopt and enforce reasonable rules" regarding candidates' phone banking and access to the Local's membership lists. 29 U.S.C. § 411(a)(2). We find, however, that Appellants have shown a likelihood of success on the merits because the regulations Appellants were disciplined for violating were not "established" at the time Appellants conducted the phone bank. *Id.* The UBC Constitution requires Locals and Councils to permit candidates for union office to examine the membership list once prior to an election, but it does not purport to regulate the electioneering conduct of candidates or their supporters. Nor does any established rule in the UBC Constitution or elsewhere require that candidates invite their opponents to participate in their campaign activity.

**2.**    The district court also abused its discretion by concluding that Appellants would not suffer irreparable harm without injunctive relief. The district court focused narrowly on the fact that, because the UBC stayed Appellants' discipline, they could participate in the August 2012 Regional Council election in which Savage was a candidate. But the harm to the Appellants went well beyond their ability to participate or not participate in that election. Puckett and Wallace faced

3

removal from their positions as delegates following the election, a harm for which money damages are an inadequate remedy. *See Kupau v. Yamamoto*, 622 F.2d 449, 457 (9th Cir. 1980). Savage's candidacy for Executive Secretary-Treasurer of the Regional Council was undermined by the fact that he would be immediately removed from office if he won. And, most importantly, the discipline chilled the speech of both Appellants and their supporters, which constitutes irreparable harm in itself. *See Sheet Metal Workers' Int'l Ass'n v. Lynn*, 488 U.S. 347, 354–55 (1989) ("[I]he potential chilling effect on Title I free speech rights is more pronounced when elected officials are discharged. Not only is the fired official likely to be chilled in the exercise of his own free speech rights, but so are the members who voted for him.").

**3.** In light of Appellants' probable success on the merits, we find both that the balance of the equities tips in their favor and that an injunction is in the public interest. *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). Union members' rights under the LMRDA "deserve[] vigorous protection." *Sadlowski*, 457 U.S. at 112. While these individual rights must be balanced against unions' interest in "self-government," *id.* at 117, the gravity of the UBC's interests is undermined by the fact that it did not enforce existing rules, but rather sought to impose *ex post facto*

4

restrictions on Appellants' conduct. Under these circumstances, both the balance of the equities and the public interest favor injunctive relief.

**REVERSED** and **REMANDED** with instructions to grant the motion for preliminary injunction.

Savage v. Tweedy, No. 12-35727

CALLAHAN, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that the district court abused its discretion in concluding that Appellants were unlikely to suffer irreparable harm absent an injunction. I dissent, however, from the remainder of the majority's decision. I would hold that the district court acted within its discretion in determining that Appellants failed to demonstrate a likelihood of success on the merits.

The majority's conclusion is based on its finding that the union rules Appellants were disciplined for violating were not established at the time the phone bank was conducted. However, members and officials of the United Brotherhood of Carpenters ("UBC"), as well as the UBC's national appeals committee, consistently determined Appellants' conduct violated the UBC constitution. The UBC's construction of its own constitution is entitled to broad deference to avoid unnecessary interference in its internal affairs. *Local 1052 of United Broth. of Carpenters & Joiners v. Los Angeles Cnty. Dist. Council of Carpenters*, 944 F.2d 610, 613 (9th Cir. 1991). Accordingly, I cannot say that the district court abused its discretion by deferring to that interpretation.